UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRAIG JAMES SHERMAN, SR. | CIVIL ACTION |
| VERSUS | NO. 23-6833 |
| THIBODAUX POLICE DEPARTMENT (TPD), ET AL. | SECTION "E" (2) |

**FINDINGS AND RECOMMENDATION**

Plaintiff Craig James Sherman, Sr., filed this *pro se* and *in forma pauperis* prisoner civil rights complaint under 42 U.S.C. § 1983 against defendants Thibodaux Police Department and Officer Jason Slosarex alleging that he was unlawfully searched and arrested based on racial profiling on November 8, 2022. ECF No. 3, ¶III(C)-(D), at 4; *id.*, ¶IV, at 4-5. As part of the court's statutorily required frivolousness review pursuant to 28 U.S.C. § 1915, § 1915A, I issued an order on January 12, 2024, requiring Sherman to provide more specific information related to his § 1983 claims. ECF No. 10. Sherman responded to the order on February 1, 2024, but his response was marked deficient in form by the clerk of court. ECF No. 11. On February 2, 2024, the clerk of court sent Sherman notice of this deficiency at his address of record at the Lafourche Parish Correctional Complex ("LPCC") in Thibodaux, Louisiana. ECF No. 12. The envelope containing the notice was returned on February 26, 2024, marked "RETURN TO SENDER UNABLE TO FORWARD." ECF No. 13, at 2.

On April 3, 2024, I issued an order directing the clerk to terminate the deficiency assigned to Sherman's response for the court to move forward with its mandatory review of the case under § 1915 and § 1915A.[1] ECF No. 14. A copy of the order was mailed to Sherman at his prison

---

[1] The court's review for frivolousness would have included assessment of the potential applicability of the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, to Sherman's § 1983 claims challenging the propriety of the search and arrest leading to his detention at the time of the filing of this complaint. *See* ECF No. 11, at 2.

address of record at LPCC.  The envelope was returned on May 9, 2024, marked "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD" with a handwritten notation indicating, "not here."  ECF No. 16, at 1.

Sherman has not provided the Court with a notice of change of address or otherwise altered the address provided at the time of the filing of this lawsuit.  On April 18, 2024, I issued a show cause order for Sherman to provide the clerk of court with a change of address, warning that the failure to do so could result in the dismissal of his complaint.  ECF No. 15.  A copy of the order was mailed to Sherman at his only address of record in the LPCC.  The envelope containing this show cause order has not been returned as undeliverable.  The court has not received any additional pleadings or responses from Sherman.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[2]  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[3]  Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[4]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[5]

---

[2] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F. 2d 744, 749 (5th Cir. 1987).

[3] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).

[4] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).

[5] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

All litigants are obligated to keep the court advised of any address change.[6]  In addition, the complaint form used by Sherman to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[7] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[8]

Sherman has not contacted the court or provided a current address within 35 days of the return of the first undeliverable envelope.[9]  His failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case.  This delay is caused by and attributable to Sherman himself, justifying dismissal of his complaint and any remaining claims and defendants for failure to prosecute.[10]

In a final effort to provide Sherman with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge.   Sherman is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.  It is suggested to Sherman that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders.  Sherman is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana,

---

[6] *See* EDLA Local Rules 11.1 and 41.3.1.

[7] ECF No. 3, ¶VI(2), at 5 (Plaintiff's Declaration).

[8] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

[9] *See*, L.R. 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.")

[10] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Sherman also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[11]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Craig James Sherman, Sr.'s 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this ___21st___ day of May, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[11] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).