UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRAIG JAMES SHERMAN, SR. | CIVIL ACTION |
| VERSUS | NO. 23-6833 |
| THIBODAUX POLICE DEP'T., ET AL. | SECTION "E"(2) |

## REPORT AND RECOMMENDATION

Plaintiff Craig James Sherman's Motion to Reopen Case (ECF No. 24) was referred to a United States Magistrate Judge for a recommendation on whether the Court should reopen Sherman's 42 U.S.C. § 1983 suit against defendants Thibodaux Police Department and Officer Jason Slosarex. For the reasons that follow, it is recommended that the motion to reopen be GRANTED.

### I. BACKGROUND

Sherman filed this *pro se* and *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 against defendants Thibodaux Police Department and Officer Jason Slosarex. ECF No. 3, ¶III(B)-(C), at 4. Under a broad reading of his complaint, Sherman alleges that police were called to 619 Sycamore Street in Thibodaux, Louisiana, for a noise complaint. *Id*., ¶IV, at 4. He claims he was not involved with the circumstances surrounding the noise complaint, but that he was targeted as a black man in a majority white neighborhood. Sherman states he was told by the officer that he had drugs and was searched four times, but no drugs were found. Sherman claims he informed the officer that he was racially profiling Sherman. He alleges the officer laughed and stated, "I know you got drugs."

Once officers were aware that Sherman did not have any outstanding warrants, Sherman states he was brought to the back of the police cruiser and searched again. He claims the officer

touched his private area, unbuckled his belt, and began to search under his clothes in the street. *Id*. at 5. Sherman claims he asked the officer what he was doing and was told that Sherman told the officer to do it. He states that no drugs were found and that the officer proceeded to "bash" Sherman's fiancée and two children. Sherman seeks monetary compensation. *Id*., ¶V, at 5.

On January 12, 2024, I issued a Response Order to provide the Court with more information relating to Sherman's claims. ECF No. 10. On February 1, 2024, Sherman filed a response to the order with the Court. ECF No. 11. In his response, Sherman states that the name of the officer who violated his rights is Jason Slosarex. *Id*. at 1. At the time of his response, Sherman claims he was currently incarcerated in Lafourche Parish Correctional Complex and was awaiting trial on March 10-12, 2024. He states the date of his arrest was November 8, 2022.

On February 27, 2024, a notice mailed to Sherman about a deficient pleading was returned as undeliverable. ECF No. 13. On April 18, 2024, I issued a show cause order requesting that Sherman provide the Court with is current address and cautioned him that failure to do so may result in a recommendation that his complaint may be dismissed for failure to prosecute. ECF No. 15. By searching available databases, the Court was made aware that Sherman was released from Lafourche Parish Correctional Complex on March 8, 2024. *Id*. at 1.

Given his failure to respond to the show cause order or to contact the Court to provide a current address, on May 21, 2024, I issued a Findings and Recommendations that Sherman's claims be dismissed without prejudice for his failure to prosecute. ECF No. 17. The United States District Judge adopted the findings and recommendations via Order and Judgment issued June 27 and 28, 2024. ECF Nos. 20, 21. Since the return of the first undeliverable envelope on February 27, 2024, every record document sent to Sherman at his address of record was returned as undeliverable. ECF Nos. 16, 18, 19, 22, 23.

In his motion to reopen, Sherman states that he was not properly notified of the last notice sent to Lafourche Parish Correctional Complex on May 9, 2024. ECF No. 24 at 1. He states he is currently housed at Lafourche Parish Correctional Complex and requests the case be reopened.

## II.   APPLICABLE LAW AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."[1] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[2] A Rule 41(b) dismissal is considered an adjudication on the merits.[3] In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.[4]

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive

---

[1] *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co*., 370 U.S. 626, 629 (1962)).
[2] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[3] Fed. R. Civ. P. 41(b).
[4] *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

3

law.[5] A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."[6]

The prescriptive period commences when the aggrieved party either has knowledge of the violation or notice of the facts which, in the exercise of due diligence, would have led to actual knowledge thereof.[7] As a direct participant of the November 8, 2022, events, Sherman clearly knew of the facts on which to base any claim which would mean he had until November 8, 2023, to file suit before his claims would prescribe under Louisiana law.[8] Although his Complaint was filed on November 13, 2023,[9] under the "mailbox rule,"[10] his complaint is considered filed on November 2, 2023.

Plaintiff's last filing with the court was on February 1, 2024. After the court received return mail notices, it ordered Plaintiff to show cause why his complaint should not be dismissed for failure to provide a current address. Plaintiff failed to update his address or provide any

---

[5] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).

[6] *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

[7] *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citing *Vigman v. Community Nat'l Bank & Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).

[8] The applicable Louisiana prescriptive period/statute of limitation is one-year. La. Civ. Code art. 3492 (repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024). Currently, Louisiana's prescriptive period for torts is two years. La. Civ. Code art. 3493.1. However, Article 3493.1 has "prospective application only," and its two-year prescriptive period "shall apply to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." TORT ACTIONS, 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Because the alleged incidents underlying these claims occurred before July 1, 2024, the former Article 3492 and its one-year prescriptive period apply. *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

[9] ECF No. 1.

[10] The Fifth Circuit has recognized the "mailbox rule" applies to pleadings, including complaints filed under 42 U.S.C. § 1983, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *United States v. Petty,* 530 F.3d 361, 363 & n. 1 (5th Cir. 2008); *Stevenson v. Anderson,* 139 F. App'x 603, 604 (5th Cir. 2005); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Sherman's deficient complaint was docketed on November 13, 2023. ECF No. 1. However, Sherman signed and dated his complaint on August 24, 2023. ECF No. 3 at 5. The date on the envelope stamped by prison officials was dated November 2, 2023. *Id.* at 6. Giving Sherman the greatest possible benefit, the filing date, at the latest, would be considered November 2, 2023, and still within the one-year timeline.

response, and he took no action until this Motion to Reopen in January 2026. Given the circumstances, the Court was well within its jurisdiction to dismiss Sherman's suit without prejudice for his failure to prosecute the case by not providing the Court with his current address.

Ordinarily, a dismissal without prejudice preserves to the plaintiff the ability to refile the complaint. However, given the dates of the alleged events, the date Sherman filed the original complaint, and the applicable limitation period, Sherman would be precluded from having his claims heard on the merits if the Court were to deny his motion to reopen on the grounds that he refiles suit due to the statute of limitations surrounding his claims.[11] Because the prescriptive period has run, even a dismissal without prejudice is effectively a dismissal with prejudice.[12]

Dismissals with prejudice are "reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors."[13] Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant.[14] Instances where a plaintiff's failure to comply with a court order was "more a matter of negligence than purposeful delay or contumaciousness" do not favor dismissal with prejudice.[15]

---

[11] "[T]he statute of limitations for a Section 1983 action is a state's general or residual personal injury statute of limitations." *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir. 2024) (citation omitted), *cert. denied*, 145 S. Ct. 170 (2024).

[12] *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Burden v. Yates*, 644 F.2d 503, 505 (5th. Cir. 1981); *Moore v. Lindley*, No. 20-121, 2024 WL 1327257, at *1 (E.D. Tex. Feb. 26, 2024), *report and recommendation adopted by* 2024 WL 1326753, at *1  (E.D. Tex. Mar. 27, 2024).

[13] *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982).

[14] *Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984).

[15] *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (reversing a district court's dismissal with prejudice and remanding for further proceedings when plaintiff was derelict in pursuit of his suit); *See Durham v. Florida East Coast Railway Co*., 385 F.2d 366, 368 (5th Cir. 1967); *See also Gonzalez v. Firestone Tire & Rubber Co*., 610 F.2d 241, 247 (5th Cir. 1980).

5

The record in this case does not support a finding of purposeful delay or contumacious conduct. For these reasons, Sherman's motion to reopen the case should be granted and he be afforded the opportunity to pursue his claims.

## III.   RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Craig James Sherman, Sr.'s Motion to Reopen Case (ECF No. 24) be **GRANTED** and the Clerk administratively reopen the above captioned matter.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[16]

New Orleans, Louisiana, this  28th   day of January, 2026.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[16] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.